**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| CHANDRAPRAKASH HINGE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 25-1097 (RBW) |
| | ) | |
| DAVID J. VENTURELLA[1], | ) | |
| Acting Director, United States Immigration and Customs Enforcement, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## ORDER FOR INITIAL SCHEDULING CONFERENCE

The above-captioned case has been assigned to Judge Reggie B. Walton for resolution. The Initial Scheduling Conference ("Conference") will be held on Friday, July 17, 2026 at 9:30 a.m., in Courtroom 16 on the 6th floor at the E. Barrett Prettyman United States Courthouse, 333 Constitution Avenue, N.W., Washington, D.C. 20001.  Counsel[2] attending the Conference must have authority to enter into binding scheduling agreements and stipulations and be sufficiently familiar with the case to answer any questions that arise.  Parties are welcome and are encouraged to attend the Conference.

All counsel and parties are expected to treat each other and those involved in the case, including witnesses, with dignity, respect, and civility, both in court and out of court.

Pursuant to Local Civil Rule 16.3 and Federal Rule of Civil Procedure 26(f), as amended, counsel shall meet and confer about this case at least twenty-one (21) days prior to the

---

[1] Acting Director, David J. Venturella is substituted for former Acting Director Todd Lyons pursuant to Fed. R. Civ. P. Rule 25(d).

[2] The Court's reference to "counsel" includes pro se parties.

Conference date, see, e.g., LCvR 16.3(a), and submit their joint Report addressing all topics listed in Local Civil Rule 16.3(c)[3] no later than fourteen (14) days following their meeting,[4] see, e.g., LCvR 16.3(d).  In addition to the topics listed in Local Civil Rule 16.3(c), and to the extent they were not already addressed by the parties in the context of Local Civil Rule 16.3(c), the Court requires that the joint Report includes the following:

1. a short statement of the facts concerning the case and the basis (or bases), such as the pertinent statutes, for each cause of action and defense;

2. all theories of liability reasonably known by the time the joint Report is filed;

3. all theories of defenses reasonably known by the time the joint Report is filed;

4. the damages sought by all parties asserting any claims;

5. whether any good cause exists for dispensing with Rule 26(a)(1) initial disclosures,[5] if the parties have agreed to dispense with such disclosures;

6. the types and/or categories of documents that counsel anticipate requesting;

7. the information that counsel anticipate seeking through interrogatories;

8. the number, names, and/or categories of individual and/or corporate witnesses that counsel anticipate deposing, as either fact or expert witnesses;

9. the number, names, and/or categories of individual and/or corporate non-parties upon whom counsel anticipate serving a subpoena;

10. a description of any burdens and/or unreasonable expenses associated with conducting the anticipated discovery;

---

[3] Pursuant to Federal Rule of Civil Procedure 73(b)(1), however, the parties' report shall not indicate their respective positions on assignment to a Magistrate Judge unless all parties agree to such assignment.

[4] The Local Civil Rules are available at http://www.dcd.uscourts.gov/dcd/local-rules.

[5] One of the few examples of good cause is where settlement between the parties is imminent.

11.  whether the Court will need to issue any protective orders in light of the information that counsel anticipate seeking through discovery, see Fed. R. Civ. P. 26(c); see also Fed. R. Civ. P. 26(b)(5)(B); Fed. R. Evid. 502;

12.  a certification from counsel that they have discussed the scope and extent of any litigation hold and/or preservation order that should be implemented in light of the nature of the case, see Fed. R. Civ. P. 37(e); and

13.  a certification from counsel that they have discussed, in good-faith, every topic listed in Local Civil Rule 16.3(c) and this Order.

Counsel are advised that the Court takes seriously the filing of the joint Report. The joint Report is one of the essential components of the Court's case management plan, which is designed to ensure that cases are resolved as quickly as possible and that discovery is proportional to what is at issue in the case. See Fed. R. Civ. P. 1; Fed. R. Civ. P. 26(b)(1). Accordingly, counsel are put on notice that failure to file a complete joint Report may result in the imposition of sanctions. In the event counsel find it impossible to submit the joint Report because other counsel have not been cooperative, the compliant counsel shall advise the Court of the purported non-compliance to avoid the imposition of sanctions. Otherwise, all counsel are at risk of having sanctions imposed against them.

Finally, the Court's practice is to hold a status conference upon the completion of all discovery.[6] At that status conference, the Court generally sets additional pre-trial dates, as well as a trial date. To the extent that counsel intend to file dispositive motions, and thus seek a briefing schedule for such motions, the Court will require counsel to be prepared to argue their

---

[6] To achieve the goal of proportionality, for good cause, the parties may request, and the Court may order, that they conduct discovery in several phases at the Conference. The Court would then schedule a status conference at the conclusion of each phase of discovery.

positions as to why dispositive motions are appropriate and would not result in the waste of

scarce judicial resources.

  **SO ORDERED** this 10th day of June, 2026.[7]

                REGGIE B. WALTON
                United States District Judge

---

[7] The Court reminds the parties that they should also be familiar with the Court's April 17, 2025 General Order for Civil Cases Before the Honorable Reggie B. Walton, ECF No. 15, which serves to supplement the instructions in this Order.